### GERMANIA IRON CO. v. JAMES et al.

(Circuit Court, D. Minnesota, Fifth Division. October 26, 1897.)

PUBLIC LANDS—VOID PRE-EMPTIONS AND LOCATIONS—SECRETARY'S DECISION.

In a contest taken by appeal to the secretary of the interior, his decision and judgment that a scrip location and a pre-emption claim are fraudulent and void, and that the land in question is thus left open to disposal under the public land laws of the United States, fixes the status of the land, and takes effect immediately upon its rendition, and not upon the making of the proper cancellation entries in the local land office.

W. W. Billson, for complainant.
J. K. Reddington, for defendant James.

LOCHREN, District Judge. This cause is heard upon the demurrers of the defendants Houghton E. James and Charles W. Hillard to the bill of complaint, it being stated and admitted on the argument that the other defendants have disclaimed any interest in the land which is the subject-matter of the controversy, viz. the N. W. ¼ of the S. E. ¼ of section 30, in township 63 N., of range 11 W. of the fourth P. M. The bill alleges a hearing at the Duluth land office in April, 1886, in a contest between two claimants for said land, one of whom claimed the land by the location thereon of Sioux half-breed scrip, and the other claimed the right to pre-empt said land; and that by regular appeals such contest passed to and was on the 18th day of February, 1889, decided by the secretary of the interior, who adjudged that the scrip location was invalid, and that the pre-emption claim was fraudulent and void, and that the land in question was thus left open to disposal under the public land laws of the United States applicable thereto. That such decision of the secretary was on the same or next following day transmitted to the commissioner of the general land office, and that a copy thereof, duly transmitted to

the register and receiver of the Duluth land office, was received by such officers on the evening of the 22d day of February, 1889, a legal holiday, upon which said Duluth land office was not open for the transaction of business. That under the rules and regulations of the land department the office hours for public business at the local land offices were fixed at from 9 o'clock in the forenoon until 4 o'clock in the afternoon. That before the opening of the Duluth land office for business on February 23, 1889, the cancellation of the entries affected by said decision was made on the books and plats of said office. That said land office was opened for business promptly at 9 o'clock on that morning, and that at that moment one Emil Hartman in due form made application to the land officers there to locate a Porterfield land warrant upon the said land, tendering and paying the fees therefor; and that said application was accepted, and a certificate of such location then issued to said Hartman, who has since, by deed, conveyed all his right and title to said land to the complainant. The bill of complaint further alleges that at about 5 o'clock in the evening of February 18, 1889, the defendant Houghton E. James, at the said Duluth land office, made application to make a homestead entry of the same land, which was refused and rejected by the register, because the land office was not then open for business, and because by the records of that land office the said land then appeared to be appropriated by the said Sioux half-breed scrip location; and that on the 19th day of February, 1889, at about half past 8, and before 9 o'clock, in the morning, the same application was again presented and renewed, with tender of the proper fees and commissions, and, though orally rejected by the receiver to whom they were handed, were retained by him, and that later in the same day a written note of rejection was indorsed on said application by the local land officers, wherein the ground of rejection was stated to be that the land applied for was still appropriated by a former entry then intact upon the records of said office. Other applications were made to enter the same land, and a hearing at the local land office was ordered and had, and by appeals the matter came before the secretary of the interior, who heard all the parties, and on the 21st day of December, 1894, made his decision, wherein he adjudged that said Emil Hartman was the first person to enter said local land office on February 23, 1889, and the first person on that day to make application for entry, filing, or location upon said land; but he further adjudged that the homestead application of said Houghton E. James, made as aforesaid on the 19th day of February, 1889, was valid and effectual, and prior to the application of said Hartman, and that said James was entitled to make a homestead entry on said land, and that the location or entry of said Hartman be canceled, which was done; and that, acting upon such decision of the secretary of the interior, the said Houghton E. James was allowed to make, and did make on August 6, 1895, a homestead entry of said lands at the Duluth land office; and that on September 23, 1895, he filed in the same office a relinquishment in writing of his homestead entry and claim upon said land; and that thereupon William Craig did, immediately after such relinquishment, locate upon and enter the

same land with a Porterfield land warrant, and, in conformity with an arrangement with said Houghton E. James, afterwards conveyed to said Houghton E. James an undivided one-half of said lands, subject to a mining lease since assigned and transferred to the defendant Charles W. Hillard.

It is claimed by the bill of complaint that Mr. Secretary Smith erred in holding that the effect of the decision of Mr. Secretary Vilas made on February 18, 1889, adjudging the prior Sioux half-breed scrip entry of said land to have been invalid, and the pre-emption claim to be fraudulent and void, left the land, on the rendition of that decision, at once open to disposal under the public land laws of the United States; the bill claiming that under the rules and regulations of the land department the appropriation of said land under the Sioux half-breed scrip location did not cease, nor said land become open to other disposal, until the said decision of February 18, 1889, was transmitted to the Duluth land office, and the cancellation of the Sioux half-breed scrip location was duly entered and noted upon the records and plats of the local land office. And some of the rules and regulations read upon the hearing, issued for the guidance of officers of the local land offices in the orderly transaction of the business of these offices, seemed to have been framed upon the idea that the decisions and judgments of the secretary of the interior took effect upon such transmission to and notation in the local land offices, and in practice they would ordinarily be so transmitted and noted before other action would be attempted in relation to the lands. But, notwithstanding such rules and regulations, in all cases of contest taken by appeal to the secretary of the interior it is the decision and judgment of that officer which determines and adjudges the rights of the contestants, and fixes the status of the land which is the subject-matter of the controversy, and, as the law fixes no other time or proceeding when effect is to be given to such judgment, it must take effect upon its rendition; and in this case the segregation of the land from the public lands under the appropriation by the location of the Sioux half-breed scrip ceased upon the rendition of the decision by Mr. Secretary Vilas on February 18, 1889. Anderson v. Railroad Co., 7 Land Dec. Dep. Int. 163. My conclusion is that no error appears to have been committed by Secretary Smith in the decision complained of. A decree will be entered dismissing the bill, with costs.